Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ANTILLES POWER DEPOT, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DE LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DEL GOBIERNO DE PUERTO RICO<br><br>Recurrida | KLRA202400467 | Revisión Administrativa procedente de la Administración de Servicios Generales Junta Revisora de Subastas<br><br>Caso Núm.:<br>JR-24-124<br><br>Subasta Núm.:<br>24-SS-007<br><br>Sobre:<br>"Servicio de Mantenimiento y Correctivo Generadores de Emergencias parta todas las Regiones" |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece Antilles Power Depot, Inc. (Antilles o recurrente) mediante revisión judicial y nos solicita que revoquemos la *Resolución* de la Junta Revisora de la Administración de Servicios Generales (Junta Revisora), emitida el 23 de julio de 2024. En dicho dictamen, se resolvió que la adjudicación de subasta relativa al presente caso incumplió con el debido proceso de ley y se ordenó devolver el caso a la Junta de Subastas de la Autoridad de Acueductos y Alcantarillados (Junta de Subastas) para que fundamentara su dictamen. Desestimamos el recurso presentado por falta de jurisdicción.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán*

*Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

De otra parte, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones

administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, la LPAU establece que la parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora dentro del término de diez (10) días calendario, contados a partir de la notificación de la adjudicación del proceso. Sec. 3.19 de la Ley Núm. 38-2017 (3 LPRA sec. 9659). De la Junta Revisora emitir una determinación insatisfactoria, la parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir de la notificación de la adjudicación en revisión. Íd. No obstante, esta parte deberá notificar la presentación de la solicitud de revisión judicial a la agencia y a todas las partes dentro del término para solicitar dicha revisión. Íd., sec. 9672.

En el presente caso, la Junta de Subastas emitió su carta de adjudicación el 20 de mayo de 2024 y el recurrente solicitó su reconsideración ante la Junta Revisora el 30 de mayo de 2024. Luego de la adjudicación de tal reconsideración, el 23 de julio de 2024, el recurrente presentó su petición de revisión administrativa ante este Tribunal el 22 de agosto de 2024. Sin embargo, no notificó su recurso a los licitadores participantes de la subasta, incluyendo a quienes obtuvieron la *buena pro* en la misma. Se trata de Sonell Truck Center, LLC; Three O, LLC; y Ángel Torres, D.B.A. Evangelista Electric

Motor. Por tanto, ante el incumplimiento de tal notificación y sus efectos sobre el debido proceso de ley, carecemos de jurisdicción para atender los planteamientos esbozados en el presente recurso.

Por los fundamentos anteriormente expuestos, desestimamos el recurso por falta de jurisdicción. En consecuencia, se deniega igualmente la "Solicitud de Desestimación de Solicitud de Revisión Judicial y Solicitud para Que Se Revoque Determinación de La Junta Revisora de Subastas de La Administración de Servicios Generales", presentada por la Junta de Subastas de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| ANTILLES POWER DEPOT, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DE LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DEL GOBIERNO DE PUERTO RICO<br><br>Recurrida | KLRA202400467 | Revisión Administrativa procedente de la Administración de Servicios Generales Junta Revisora de Subastas<br><br>Caso Núm.: JR-24-124<br><br>Subasta Núm.: 24-SS-007<br><br>Sobre: "Servicio de Mantenimiento y Correctivo Generadores de Emergencias parta todas las Regiones" |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

## VOTO CONCURRENTE DE LA JUEZA GRANA MARTÍNEZ

El 30 de mayo de 2024, la Junta de Subastas de la AAA adjudicó la Subasta Núm. 24-S007. Los licitadores no agraciados fueron advertidos que de estar inconformes podían presentar un recurso de revisión administrativa ante la Junta Revisora de la Administración de Servicios Generales (JRASG) conforme al Art. 64 de la Ley 73-2019 conocida como Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019.[1] Así lo hizo Antilles, quien presentó su apelación ante la JRASG oportunamente. No obstante, incidió al incumplir con la notificación simultánea a la Junta de cuya determinación recurría, la Junta de Subastas de la AAA. Tal error es uno grave, pues incide en la jurisdicción de la JRASG y de este tribunal para considerar en los méritos el recurso. El Art. 65 de la Ley 73-2019 dispone que la parte adversamente afectada



---

[1] 3 LPRA § 9838a.

notificará copia de la solicitud de revisión administrativa a la Administración y a la Junta de Subastas correspondiente; simultáneamente notificará también al proveedor que obtuvo la buena pro en la subasta en cumplimiento con lo establecido en el Art. 65[2] de esta Ley. Este requisito es de carácter jurisdiccional.

Así las cosas, el 23 de septiembre del año en curso, compareció ante este foro la Junta de Subastas de la AAA y solicitó la desestimación del recurso. En apretada síntesis alegó que Antilles no le notificó el recurso presentado ante la JRASG, dentro del término jurisdiccional, por lo que cualquier determinación emitida por esta era una nula. Su planteamiento es correcto, a pesar de haber presentado el recurso ante JRASG el 30 de mayo de 2024, Antilles no le notificó a la Junta de Subastas de la AAA de la presentación del mismo hasta el 12 de junio del año en curso. No hay duda alguna que la notificación no cumple con el criterio de simultaneidad de la notificación. Siendo el mismo un requisito jurisdiccional, la JRASG no tenía jurisdicción para atender el recurso, mucho menos este tribunal.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir un caso o controversia. Antes de entrar a los méritos de un asunto, debemos asegurarnos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos con preferencia. *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Así pues, cuando carecemos de jurisdicción o de autoridad para entender los méritos de las controversias que nos son planteadas, debemos así declararlo y proceder a desestimar el

---

[2] 3 LPRA § 9838b.

recurso. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). Ello se debe a que la falta de jurisdicción tiene las siguientes consecuencias:

> (1) No es susceptible de ser subsanada;
> (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste atribuírsela;
> (3) conlleva la nulidad de los dictámenes emitidos;
> (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción;
> **(5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y**
> (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio.

*S.L.G. Solá-Moreno. v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, supra, pág. 855 (2009).

Consistentemente, nuestro Tribunal Supremo ha advertido que en aquellas instancias en las que un ente adjudicador dicta sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). De ahí que cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Id.*, pág. 55.

Como anticipamos, este foro está llamado a auscultar su propia jurisdicción, así como la del foro recurrido. Para evaluar en sus méritos si la justificación brindada por la Junta de Subastas de la AAA para rechazar a Antilles fue fundamentada adecuadamente, la JRASG tenía que, como asunto de primer orden, asegurarse que contara con jurisdicción para atender el recurso en sus méritos, pues toda determinación adjudicativa hecha por un foro sin jurisdicción es una ilegítima, nula. Consecuentemente, de igual nulidad adolecería la nuestra si adjudicáramos en sus méritos, sin tener la autoridad para así hacerlo. Por lo que concurro de la opinión



mayoritaria, que el presente recurso debe ser desestimado, por falta de jurisdicción.

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones